IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERI A. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-596 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 25th day of February, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Titles II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by

⚖AO 72
(Rev. 8/82)

those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her pending application[1] for disability insurance benefits on July 12, 2004, alleging a disability onset date of June 13, 2004, due to, *inter alia*, degenerative disc disease and back pain. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on June 7, 2006, at which plaintiff, represented by and individual who was not an attorney, appeared and testified. On June 15, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On March 14, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 45 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has at least a high school education. She has past relevant work experience as a licensed practical nurse but has not engaged in any substantial gainful activity since her alleged onset date.

---

[1] For purposes of plaintiff's application for Title II benefits, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and had acquired sufficient quarters of coverage to remain insured through December 31, 2009.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairment of disorders of the back, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ further found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of her impairments. (R. 18). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including packer, assembler and inspector. Relying on the vocational expert's testimony, the ALJ found that although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is

not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] See 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises several challenges to the ALJ's findings: (1) the ALJ erred at step 3 in failing to find that plaintiff meets or equals listing 1.04; (2) that the ALJ failed to properly analyze all the evidence, specifically that he improperly assessed plaintiff's credibility and improperly analyzed the medical evidence; (3) that the ALJ's residual functional capacity finding is not supported by substantial evidence; and, (4) that the ALJ improperly relied upon the vocational expert's response to a defective hypothetical. Upon review, the court is satisfied

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520.

AO 72
(Rev. 8/82)

that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

First, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §404.1520(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairment and adequately explained why plaintiff's back impairments do not meet or equal the severity of that listing. (R. 18); see Burnett, 220 F.3d at 120, n.2. Moreover, plaintiff has failed to meet her burden of presenting any medical findings to either the ALJ or to this court showing that her impairment meets or equals Listing 1.04. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). Instead, plaintiff summarily states that the ALJ erred in finding that she failed to meet a listing without pointing to any evidence in the record that would support such a finding. The court is satisfied that the ALJ's step 3 finding is supported by substantial evidence.

Plaintiff next alleges that the ALJ improperly analyzed both the medical evidence of record and plaintiff's subjective complaints regarding her pain and resultant limitations. The court finds plaintiff's argument unpersuasive.

First, upon review the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.[3] In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence, her treatment history and all of the other evidence of record. In doing so, the ALJ found that the objective evidence as a whole does not fully substantiate plaintiff's allegations as to the intensity, duration and limiting effects of her symptoms and that her testimony in that regard was not entirely credible. (R. 19). The ALJ thoroughly explained his credibility finding in his decision (R. 18-19) and that finding is supported by substantial evidence.

In making his credibility finding the ALJ adhered to the standards set forth in 20 C.F.R. §404.1529(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. The court is satisfied that the ALJ's credibility determination is supported by substantial evidence.

---

[3] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

AO 72
(Rev. 8/82)

Plaintiff also challenges the ALJ's evaluation of the medical evidence. Specifically, plaintiff contends that the ALJ disregarded the opinions of Dr. Baker and Dr. Anderson which would support a finding of disability. Upon review, the court is satisfied that the ALJ properly evaluated all of the medical evidence under the appropriate standards.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained his assessment of that evidence. (R. 18). In particular, he specifically addressed Dr. Baker's report which indicated that plaintiff could not walk, stand or sit for a total of eight hours a day, which would equate to a finding of disability, but

concluded that Dr. Baker's opinion is inconsistent with the clinical and objective findings of record, including Dr. Baker's own reports and findings. (R. 18). Specifically, the ALJ noted that Dr. Baker, who only saw plaintiff on one occasion, did not reference his treatment notes in making his determination and that his opinion was contradicted by plaintiff's daily activity. Moreover, the ALJ emphasized that no other treating or examining source had limited plaintiff to that extent. (Id.)

The court finds no error in the ALJ's evaluation of this evidence. Initially, under the regulations the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §404.1527(e); SSR 96-5p. Moreover, as the ALJ explained, Dr. Baker's opinion is not supported by the objective medical evidence and is inconsistent with other substantial evidence in the record. Therefore, the ALJ did not err in not giving Dr. Baker's opinion any controlling weight or deference. 20 C.F.R. §§404.1527(d); SSR 96-2p.

The ALJ thoroughly and exhaustively addressed the relevant medical evidence in his opinion and more than adequately explained his reasons for the weight he accorded to the respective reports and opinions. (R. 18-19). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Finally, to the extent plaintiff requests a remand for consideration of a post-hearing report from Dr. Anderson suggesting that plaintiff retains the residual functional capacity for less than sedentary work, that opinion was not before the ALJ but instead was presented for the first time to the Appeals Council, which subsequently denied review, and plaintiff has failed to establish that Dr. Anderson's report was new or material, nor has she established good cause for not presenting this information to the ALJ.[4] Moreover, the report in question clearly does not further plaintiff's position that she is disabled, as Dr. Anderson's post-hearing residual functional capacity assessment is not supported by the objective evidence of record, including Dr. Anderson's own treatment notes. Accordingly, plaintiff is not entitled to a sentence six remand for consideration of this evidence.

Plaintiff next argues that the ALJ's finding that she retains the residual functional capacity to perform light work with certain restrictions including alternating sitting and standing (R. 18) is not supported by substantial evidence. At step 4, the

---

[4] When a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. See Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Sentence 6 permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See also Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). "[A] claimant must satisfy all three requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews at 594; Szubak at 833.

ALJ is required to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. §404.1520(e). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a).

Here, the ALJ found that plaintiff retains the residual functional capacity to perform light work activity with numerous restrictions. This finding is supported by the medical evidence and is consistent with plaintiff's testimony as to her daily activities and self-reported limitations. In rendering his residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence and incorporated into his finding only those limitations that reasonably could be supported by the medical evidence. The court is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence.

To the extent plaintiff alleges that the ALJ failed to perform a function-by-function assessment of plaintiff's ability to perform work-related activities as required by SSR 96-8p. The court has reviewed the ALJ's decision and is satisfied that it complies with the dictates of SSR 96-8p in regard to an assessment

of plaintiff's residual functional capacity. The ALJ first identified plaintiff's functional limitations and restrictions and then assessed her work-related abilities as to those functions affected by those restrictions, including those set forth in 20 C.F.R. §416.945(b), (c) and (d). The ALJ then incorporated into his residual capacity finding all restrictions on plaintiff's functional abilities arising from her impairments that were supported by the record, including postural restrictions and a sit/stand option, at least to the extent such allegations are supported by the medical evidence. The ALJ's residual functional capacity assessment complies with the requirements of SSR 96-8p and otherwise is supported by substantial evidence.

Finally, the court finds no merit in plaintiff's contention that the ALJ's hypothetical to the vocational expert failed to account for all of the limitations substantiated by the evidence. A hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the ALJ properly relied upon the vocational expert's response to a hypothetical which accounted for all of plaintiff's impairments and limitations supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's finding that plaintiff retains the ability to perform work existing in significant numbers in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Keith E. Bell, Esq.
7 West State Street
Suite 208
Sharon, PA 16146

Jessica Smolar
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219